RESOLUCIÓN
El peticionario, Pedro Rosselló González, recurre de la decisión del Tribunal de Apelaciones que confirmó la deci *356 sión del Tribunal de Primera Instancia, que había denegado su solicitud para se le entreguara, antes de la celebración de la vista de determinación de causa para arresto en alzada al amparo de la Regla 6(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, la evidencia alagadamente exculpatoria.
En esencia, el peticionario sostiene que, en esta etapa procesal, tiene derecho a que se le entregue una declaración jurada que prestó el convicto José A. Acevedo Martínez el 29 de diciembre de 2005, cuando fue entrevistado por el Ministerio Público en el proceso investigativo del caso de autos. El peticionario sostiene que dicha declaración constituye una “prueba exculpatoria”, que el Estado tiene la obligación de entregarle antes de la celebración de la vista al amparo de las disposiciones de la referida Regla 6(c) de Procedimiento Criminal.
Del propio recurso presentado por el peticionario se desprende que el Ministerio Público no ha incluido en la denuncia, como testigo, a José A. Acevedo Martínez. Por lo tanto, Acevedo Martínez no puede ser considerado como “testigo de cargo” con todas las connotaciones, las consecuencias y los derechos que ello, de ordinario, conlleva. El convicto Acevedo Martínez es meramente un ciudadano que el Ministerio Público entrevistó durante la investigación que llevó a cabo en este caso y a quien se le tomó una declaración jurada.
Aunque el Estado, en su escrito en oposición, sostiene que “nada de lo expresado por el convicto José Acevedo Martínez durante la etapa de investigación constituye prueba exculpatoria”, como el Ministerio Público no lo ha incluido como “testigo de cargo” no existe impedimento jurídico alguno para que el peticionario lo entreviste e incluso lo pueda utilizar como testigo de defensa en la vista de causa probable para el arresto en alzada al amparo de la Regla 6 de Procedimiento Criminal, supra. Oposición a moción en auxilio de jurisdicción y a la expedición del auto *357 de certiorari, pág. 4. El peticionario tiene conocimiento de esta información y así lo reconoce en su recurso en el que incluye una copia del documento suscrito el 2 de octubre de 2006 por el fiscal Alberto Valcárcel. Además, sostiene que de este último documento se desprende que Acevedo Martínez “no aportó información importante ... [ni] ofreció información adicional en términos de cómo se expidió la certificación de AMSSCA [sic]”. íd.
En vista de lo anteriormente expuesto, e independientemente de lo alegado por el peticionario de que la declaración jurada de Acevedo Martínez pueda constituir prueba exculpatoria en el caso, el reclamo del peticionario de que se le ordene al Ministerio Público que entregue dicha declaración jurada es inmeritorio, porque Acevedo Martínez puede ser entrevistado por la defensa y utilizado como testigo en la vista antes mencionada.
En estas circunstancias, la petición presentada en este caso es totalmente innecesaria. Igualmente innecesaria es la solicitud del peticionario de que se paralice la vista pautada para el 22 de febrero.
Por ende, se deniegan tanto la moción en auxilio de jurisdicción como la petición de “certiorari” y se devuelve inmediatamente el caso al Tribunal de Primera Instancia para la continuación de la vista, según previamente señalada. Esta resolución deberá ser notificada por fax, por la vía ordinaria y por teléfono.
Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Fuster Berlingeri emitió mi voto particular. El Juez Asociado Señor Rivera Pérez “expediría el auto de certiorari y revocaría lo determinado por el Tribunal de Apelaciones y el Tribunal de Primera Instancia. Devolvería el asunto al Tribunal de Primera Instancia para que, en cámara y con participación de ambas partes, la jueza que preside examine la prueba reclamada como exculpatoria y que es objeto de la controversia de autos, y determine si es de naturaleza exculpatoria o *358 no. De otra forma, el Ministerio Público sería juez y parte sobre la definición y determinación de lo que constituye prueba exculpatoria, que está bajo su exclusiva posesión y control”. La Juez Asociada Señora Rodríguez Rodríguez se inhibió.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo